JUDGE HOLWELL

07 CV 4621

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EAST ENTERPRISE AND TRANSPORT          :
ASSOCIATION LTD. c/o SCAN-TRANS SHIPPING :
AND CHARTERING SDN. BHD.,               :        07 CV _____
             Plaintiff,                 :
                                        :        ECF CASE
     - against -                        :
                                        :        JUN 0 1 2007
UNITED SEA LINES LTD. and OCEAN CREST   :
SHIPPING CO. INC.,                      :
                                        :
             Defendants.                :
------------------------------------------------------------X

## VERIFIED COMPLAINT

Plaintiff, EAST ENTERPRISE AND TRANSPORT ASSOCIATION LTD. c/o SCAN-TRANS SHIPPING AND CHARTERING SDN. BHD. (hereafter referred to as "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, UNITED SEA LINES LTD. ("USL") and OCEAN CREST SHIPPING CO. INC. ("OCS") (hereafter collectively referred to as "Defendants"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law and was at all material times the charterer of the motor vessel "UNITED PROSPERITY" (hereinafter the "Vessel").

3. Upon information and belief, Defendant USL was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law and was at all material times the Owner of the Vessel.

4. Upon information and belief, Defendant OSC was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law and was at all material times the receiving/paying agent of USL.

5. By a charter party dated October 31, 2006 Plaintiff chartered the Vessel from USL for a voyage from Maran and Shanhai, China to Warri, Nigeria.

6. After the voyage, a dispute arose between the parties regarding Defendant USL's failure to pay Plaintiff amounts due and owing under the charter party contract, including off-hire and additional bunkers incurred on redelivery.

7. As a result of USL's breach of charter party contract, Plaintiff has sustained damages in the total principal amount of $136,558.53, exclusive of interest, arbitration costs and attorneys fees.

8. Pursuant to the charter party, all disputes arising thereunder are to be submitted to arbitration in London.

9. Defendant USL has admitted that there is an undisputed sum of $136,558.53 due and owing to the Plaintiff for off-hire.

10. However, despite due demand, USL has failed to pay the amounts due and owing to Plaintiff under the charter party contract.

11. As a result, Plaintiff is preparing to initiate arbitration proceedings in London on its claims.

12. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration. As best as can now be estimated, Plaintiff expects to recover the following amounts under the final award(s):

|   |   |   |
|---|---|---|
| A. | Principal claim: | $136,558.53 |
| B. | Estimated interest on claim:<br>3 years at 6.5% compounded quarterly | $29,142.63 |
| C. | Estimated attorneys' fees and expenses: | $25,000.00 |
| D. | Estimated costs of arbitration: | $15,000.00 |
| **Total** | | **$205,701.16** |

13. Defendant OSC is a receiving/paying agent of USL such that OSC is now, or will soon be, holding assets belonging to USL, or vice versa.

14. In the further alternative, Defendants are partners and/or join venturers.

15. In the further alternative, Defendants are affiliated companies such that OSC is now, or will soon be, holding assets belonging to USL, or vice versa.

16. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendants.

17. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the

3

Defendants held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendants and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint failing which default judgment be entered against them;

B. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$205,701.16** belonging to, due or being transferred to, from, or for the benefit of the Defendant(s), including but not limited to such property as may be held, received or transferred in Defendants' name(s) or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That pursuant to 9 U.S.C. §§ 201 et. seq. this Court recognize and confirm any judgment and/or arbitration award rendered on the claims had herein as a Judgment of this Court;

D. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

4

E. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

F. That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: New York, NY
June 1, 2007

                                    The Plaintiff,
EAST ENTERPRISE AND TRANSPORT ASSOCIATION LTD. c/o SCAN-TRANS SHIPPING AND CHARTERING SDN. BHD.

By: _____
Patrick F. Lennon (PL 2162)
Nancy R. Peterson (NP 2871)
LENNON, MURPHY & LENNON, LLC
The Gray Bar Building
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050
facsimile (212) 490-6070
nrp@lenmur.com
pfl@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York    )
                     )   ss.:   City of New York
County of New York   )

1. My name is Nancy R. Peterson.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    New York, NY
          June 1, 2007

                                                  _____
                                                  Nancy R. Peterson